**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **PAULINE DALE STONEHILL** | ) | |
| Co-Executor and Co-Special Administrator | ) | |
| Estate of Harry S. Stonehill | ) | |
| | ) | |
| **Plaintiff** | ) | Civil Action No. 1: 19-cv-03770-RC |
| v. | ) | |
| | ) | |
| **U.S. DEPARTMENT OF JUSTICE** | ) | |
| **TAX DIVISION** | ) | |
| | ) | |
| **Defendant** | ) | |
| | ) | |

## PLAINTIFF'S OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR AN ORDER ALLOWING THE TAX DIVISION TO SUBMIT A SAMPLE VAUGHN INDEX

The Tax Division's Cross Motion for an Order Allowing the Tax Division to Submit a Sample Vaughn Index ("Cross Motion") asserts that due to the voluminous *records* at issue …a sampling Vaughn Index would be more appropriate and efficient mechanism to test the government's exemption 5 withholdings." (*emphasis added*) Cross Motion at 2.  The Cross Motion, which refers to the "approximately 7,975 pages of records withheld in full under exemption 5" (Cross Motion at 1, 2, 3)  conspicuously fails to mention that there are only 360 documents withheld in full which are at issue with respect to the Plaintiff's Motion to Compel a Vaughn Index.

The FOIA cases which address "sampling" typically involve a voluminous number of documents, not pages of documents. See *Competitive Enterprise Institute v. EPA*, 12 F. Supp. 3d 100, 106-107 (D.D.C. 2014) ( EPA provided two sample *Vaughn* indices to justify decision to withhold materials from 10,000 records); *Bonner v. Dept. of State,* 928 F. 2d 1148, 1149 (D.C.

Cir. 1991) (Department identified 4,641 responsive documents; with 1,776 documents still in dispute, parties agreed, to test **FOIA** exemption claims through sampling procedure.)

The Tax Division "proposes that the random sample would consist of every 150th page of records 7,975 pages of withheld (sic)." Cross Motion at 3.  This procedure would allow the Tax Division to avoid providing information identifying the date, author and recipient of most documents and it would provide little information about the substance of the documents that have been withheld in full.  Most importantly, it would likely allow the Tax Division to avoid providing any information  about emails and internal DOJ-Tax memorandum which represent a small fraction of the total number of pages.

With respect to the Tax Division's draft briefs, which constitute the majority of the 7,975 pages of withheld documents, Mrs. Stonehill will agree that it is necessary only to identify the date of the draft brief and the author and recipient for purposes of deliberative process and work product privilege claims.  Providing the information necessary to establish claims of deliberative process privilege, attorney work product privilege and attorney client privilege (for one document) for the remainder of the documents, which is significantly less than 360, does not require sampling.  As previously noted in the Plaintiff's Reply Brief, the Tax Division has already spent several months presumably reviewing the 360 records before asserting its claimed exemptions. Providing the details justifying those exemptions in a *Vaughn* Index is not unreasonable or unduly burdensome but it is necessary before the Court can decide the issues raised in the summary judgment motions.

For all of the reasons stated about, the Tax Division's Cross Motion for an Order Allowing the Tax Division to Submit a Sampling Vaughn Index should be denied and the Tax Division's

Motion for Summary Judgment should be denied pending the Tax Division's submission of a

Vaughn Index which should be filed within 45 days of the Court's order.


Dated:  August 23, 2021

Respectfully submitted.

/s/ Robert E. Heggestad

Robert E. Heggestad
D.C. Bar No. 953380
1747 Pennsylvania Ave., NW
Suite 1250
Washington, DC 20006
(202) 733-6726

## CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2021, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in the action.